UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                          :

JOHN ADRIAN TORRES,               :

                            :

            Plaintiff,      :

                            :         24-cv-5323 (LJL)

      -v-                    :

                            :      MEMORANDUM AND

UNIVERSAL MUSIC GROUP N.V. and UNIVERSAL  :       ORDER
CITY STUDIOS LLC,

                            :

            Defendants.    :

                            X

--------------------------------------------------------------------

LEWIS J. LIMAN, United States District Judge:

    Plaintiff John Adrian Torres commenced this action *pro se* in the United States District Court for the Eastern District of New York ("E.D.N.Y.") on May 30, 2024, alleging that Defendants engaged in reverse domain name hijacking in violation of the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. §§ 1125(d) and 1114(2)(D)(v). Dkt. No. 1. On June 20, 2024, the Honorable Hector Gonzalez, to whom the case was assigned, issued an order for the Plaintiff to show cause why the action should not be transferred to the United States District Court for the Southern District of New York ("S.D.N.Y."). Dkt. No. 4. Plaintiff filed a response to the Order to Show Cause on July 8, 2024. Dkt. No. 13. Judge Gonzalez subsequently issued an order transferring the case to this Court, and the case was transferred and assigned to the undersigned on July 15, 2024. Dkt. Nos. 14, 15. Plaintiff has now filed a motion to transfer the case back to E.D.N.Y. Dkt. No. 18.

    "Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts" and "courts should be loathe to revisit prior decisions of a coordinate court unless there are extraordinary circumstances such as where the initial decision was clearly

erroneous and would work a manifest injustice." *Wade Park Land Holdings, LLC v. Kalikow*, 2023 WL 2614243, at *7 (S.D.N.Y. Mar. 23, 2023) (internal quotations omitted); *see also Hatteras Enters. Inc. v. Forsythe Cosmetic Grp., Ltd.*, 2016 WL 4083386, at *5 (E.D.N.Y. July 30, 2016) ("[T]he policies supporting the [law of the case] doctrine apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation.") (alteration in original) (internal citations omitted); *HSM Holdings, LLC v. Mantu I.M. Mobile, Ltd.*, 2021 WL 3115486, at *3 (S.D.N.Y. July 21, 2021) (declining to retransfer venue that would result in "game of judicial ping-pong").  Once transfer is granted, courts should not retransfer the case back to the original court "except under the most impelling and unusual circumstances," which arise when "unanticipable post-transfer events frustrate the purpose of the original transfer," or if the transfer is "manifestly erroneous." *Wade Park*, 2023 WL 2614243, at *7 (internal quotations omitted).

The arguments Plaintiff raises in support of his motion to transfer the case back to E.D.N.Y. do not differ substantially from those rejected by Judge Gonzalez.  *Compare* Dkt. No. 13 *with* Dkt. No. 18.  Plaintiff argues that venue is proper in E.D.N.Y. because Defendants have recently litigated there, have previously filed cases there, and because it is more burdensome on Plaintiff to travel to this Court as compared to E.D.N.Y. because Plaintiff resides in Brooklyn. Dkt No. 18 at 1–3.  Plaintiff argues specifically that Defendants have an "established practice" of litigating in E.D.N.Y., that E.D.N.Y. has institutional knowledge of cases involving Defendants, including cases with similar facts to this one, that it would not be burdensome on Defendants to litigate in E.D.N.Y. and that it would be burdensome on Plaintiff to litigate in S.D.N.Y.  *Id.*

Judge Gonzalez found that Plaintiff's arguments did not support venue in E.D.N.Y.  He ruled:

> As the Court explained in its Order to Show Cause, a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.  Neither Plaintiff's Complaint nor his response to the Order to Show Cause establishes that venue is proper in the Eastern District of New York under either of these avenues.

Dkt. No. 14 at 2.

Judge Gonzalez elaborated: "That Defendants have filed cases in the Eastern District and that other judges in the Eastern District have previously adjudicated cases involving Defendants in other matters not related to the instant action do not have any bearing on whether venue is proper here.  And, Plaintiff's claim that transfer to the Southern District would constitute an undue burden is conclusory – he does not explain why such a transfer would be a burden." *Id.*

Judge Gonzalez's decision to transfer appears to be well-founded and certainly was not clearly erroneous.  Plaintiff has identified no extraordinary circumstances that would cause the Court to reconsider that decision or any manifest injustice caused by it.

Accordingly, Plaintiff's motion to transfer the case back to the Eastern District of New York is DENIED.  The Clerk of Court is respectfully requested to close Docket No. 18.

SO ORDERED.

Dated: July 16, 2024
    New York, New York                                LEWIS J. LIMAN
                                             United States District Judge

3