Dear Pro Se Intake Office,

Please accept this email as my formal request for reassignment of CJA counsel in case **1:24-cv-05323-LJL (Torres v. Universal Music Group N.V.)**.

Despite multiple good-faith attempts to contact my assigned CJA attorney, Mr. Chris Wright, I have received no communication or assistance in preparing for the upcoming proceeding. I have therefore lost confidence in his ability to represent my interests.

I respectfully request that the Court reassign counsel to an attorney experienced with **civil evidentiary hearings, document authentication, or intellectual-property/digital-asset matters**, so preparation can proceed efficiently and productively.

Thank you sincerely for your help and for always being patient with pro se litigants like myself. Please let me know if you need anything further.

Warm regards,
**John Adrian Torres**
Pro Se Plaintiff
Case No. 1:24-cv-05323 (LJL)

Request denied.  The Court suggested that Plaintiff consult with criminal defense counsel with respect to the criminal liability questions he potentially faces as a result of his filings with the Court and whether to invoke his Fifth Amendment privilege.  His current letter asks for assistance with the "civil evidentiary hearings, document authentication, or intellectual-property/digital asset matters."  Pro bono counsel serve at the Court's request and are a scarce resource.  They generally are requested only when plaintiff's position "seems likely to be of substance."  *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986), cert. denied, 502 U.S. 986 (1991).  Plaintiff's complaint falls far short of satisfying that standard.

October 23, 2025

SO ORDERED.

_____
LEWIS J. LIMAN
United States District Judge