**John Adrian Torres**
1322 Bedford Avenue
Brooklyn, NY 11216
emailuniversalmusic@gmail.com
**November 18, 2025**
**VIA ECF**

**Hon. Lewis J. Liman**
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*The Court determines that no further protocol is necessary. As previously ordered, Dkt. No. 122, Plaintiff shall have half an hour to testify and then Defendants may cross-examine for half an hour. The document at Dkt. No. 128 was filed without leave of Court and shall be stricken. No response is necessary.*

*November 19, 2025*

SO ORDERED.
LEWIS J. LIMAN
United States District Judge

Re: *Torres v. Universal Music Group N.V. et al.*, No. 1:24-cv-05323 (LJL)
Subject: November 24, 2025 Evidentiary Hearing — Proposed Protocol to Maintain Procedural Clarity

**Hon. Lewis J. Liman:**

Plaintiff respectfully requests a minimal pre-hearing protocol to help keep the November 24 hearing focused on authentication and foundation issues, consistent with the Court's Order and the Federal Rules of Evidence. This request is narrowly tailored and intended solely to conserve judicial resources and prevent unnecessary confusion.

Plaintiff's clarity removes risk; Defendants' resistance to clarity creates it.

Plaintiff respectfully submits this limited request to assist the Court in managing the Nov. 24, 2025 evidentiary hearing concerning authentication issues and potential criminal-liability implications. This request is narrow, procedural, and fully consistent with the scope set by the Court.

After meeting with Court-appointed CJA counsel, Plaintiff understands his limited appointment and now seeks this minimal structure to ensure efficiency, reduce confusion, and avoid unnecessary disputes during the hearing.

Plaintiff respectfully requests:

# REQUESTED PROTOCOL (ALL NARROW, NON-MERITS)

## Scope

The hearing shall address authentication and foundation only under FRE 104(a) and 611(a).
This protocol applies only to authentication and foundation, not to the merits, standing, trademark issues, equity issues, or liability questions.

## 1. Final Exhibit Exchange

By 12:00 p.m. on November 22, 2025, each party will exchange (i) its final exhibit list and (ii) the exact versions of any materials they intend to use solely for authentication purposes.

## 2. One-Paragraph Foundation Note per Exhibit

Also by November 22, the parties exchange a brief note specifying the foundation route intended (e.g., FRE 901(b)(1), 901(b)(4), 803(6), 902(11)).
Each party will provide a one-paragraph foundation note for each exhibit identifying the intended authenticating witness or rule basis (e.g., FRE 901(b)(4), 803(6), 902(11)).

Plaintiff respectfully submits that a minimal pre-hearing protocol will avoid repetition of prior confusion, including:
(1) the withdrawal of Defendants' filing counsel who oversaw earlier representations;
(2) Defendants' disavowal of certain statements previously made in related proceedings; and
(3) objections directed at documents that Plaintiff has since withdrawn, rendering those issues immaterial by Plaintiff's own good-faith clarification. A simple structure will help all parties remain aligned with the narrow scope the Court has set.

A structured protocol is not merely a convenience—it is essential to prevent repetition of a pattern already documented in this case: shifting representations, withdrawn statements, abandoned filings, and objections directed at documents Plaintiff has since voluntarily withdrawn. Plaintiff seeks only a clear framework so that all parties—particularly Defendants—remain aligned with the narrow scope the Court itself set. A simple, transparent protocol ensures that this hearing is about authentication, not ambush; clarity, not confusion; facts, not fear.

### 3. Business-Record Authentication Path

Any registrar or custodian certifications offered under FRE 803(6) / 902(11) may be used without requiring live testimony unless the Court prefers otherwise.
Registrar or USPTO records may be authenticated through Rule 803(6)/902(11) certifications or brief custodian testimony limited to authentication.

### 4. Limited FRE 1006 Summaries

A single-page registrar chain-of-custody timeline may be used as an aid to the Court solely to visualize the custodial history.
Either party may use a Rule 1006 summary (e.g., registrar timeline) solely as a visual aid to assist the Court.

Once the record is clarified, any continued attempt to revive withdrawn allegations, misstate prior evidence, or expand the scope of this limited hearing will not be a misunderstanding but a knowing act. Plaintiff therefore seeks a streamlined protocol not only for clarity, but so that future disputes can be traced precisely to their source.

# GOOD CAUSE

This minimal protocol ensures:

- a clean, narrow hearing
- no surprises
- no misuse of withdrawn materials
- no confusion over which exhibits are at issue
- orderly questioning under FRE 104(a) and 611(a)
- reduced risk of unnecessary disputes regarding foundation

A narrow and orderly hearing now reduces the risk of unnecessary disputes later, including any future requests for sanctions, striking, or clarification arising from preventable misrepresentations.

This limited framework will ensure that the hearing remains within the Court's intended gatekeeping scope, reduce side disputes, and avoid trial-style confusion. Plaintiff has withdrawn any document he cannot authenticate and proceeds with verifiable materials only. The requested protocol therefore supports efficiency and transparency for all parties.

---

Respectfully submitted,

**John Adrian Torres**
*Pro Se Plaintiff*
Dated: November 18, 2025