UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                  :

JOHN ADRIAN TORRES,                :

                                  :

           Plaintiff,          :

                                  :          24-cv-05323 (LJL)

    -v-                     :

                                  :        MEMORANDUM AND

UNIVERSAL MUSIC GROUP N.V. and UNIVERSAL  :         ORDER
CITY STUDIOS, LLC,                :

                                  :

          Defendants.       :

                                  :

------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff John Adrian Torres moves for reconsideration and relief from the Court's Opinion and Order of January 5, 2026 (the "January 5 Order"), pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1), (3), and (6), and the Court's inherent powers. Dkt. Nos. 138–40. Plaintiff also moves to file an oversize memorandum of law in support of the motion. Dkt. No. 137. The motion to file an oversize memorandum is granted. The motion for relief from the judgment under Rules 59(e) and 60(b) is denied.

Under Rule 59(e), Plaintiff must identify an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *See Salamone v. Douglas Marine Corp.*, 111 F.4th 221, 232 (2d Cir. 2024); *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020). "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); *accord Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Rather, "the standard for granting such a motion is strict, and reconsideration will

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/29/2026

generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Federal Rule of Civil Procedure 60(b) "allows extraordinary relief, [and] it is invoked only upon a showing of exceptional circumstances." *In re Pinnock*, 833 Fed. App'x 498, 501 (2d Cir. 2020) (summary order) (quoting *Cent. Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir. 2003)). Rule 60(b)(1) permits a district court to grant relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Mistake" under Rule 60(b)(1) includes "judicial errors of law." *Kemp v. United States*, 596 U.S. 528, 539 (2022). A district court may "correct its own mistakes that are 'of a substantive legal nature,' and 'its own mistake[s] of fact.'" *Castro v. Bank of N.Y. Mellon*, 852 F. App'x 25, 28 (2d Cir. 2021) (summary order) (first quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977); and then quoting *Gey Assocs. Gen. P'ship v. 310 Assocs.,* 346 F.3d 31, 35 (2d Cir. 2003)). To obtain relief on grounds of newly discovered evidence under Rule 60(b)(2), the movant must show: "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (internal citations and quotations omitted). Rule 60(b)(6) is a "catchall provision" that allows for relief from final judgment for "'any *other* reason' that justifies relief; that is, Rule 60(b)(6) provides only grounds for relief not already covered by" Rule 60(b)(1)–(5). *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025). As Plaintiff's arguments fall squarely under subsections (1) and (2), the Court will not consider Rule 60(b)(6).

In the January 5 Order, the Court found that Plaintiff had committed fraud upon the Court and dismissed Plaintiff's complaint. Dkt. No. 134; *Torres v. Univ. Music Grp. N.V.*, 2026 WL 24823, at *1 (S.D.N.Y. Jan. 5, 2026). The Court need not repeat the findings it made in the January 5 Order and in its Opinion and Order of September 23, 2025, Dkt. No. 115; *Torres v. Univ. Music Grp. N.V.*, 2026 WL 2710114 (S.D.N.Y. Sept. 23, 2025). Plaintiff's entire complaint was built upon forgeries: the documents represented to be from the United States Patent and Trademark Office, the domain purchase and renewal emails, the alleged Facebook advertisement, the purported excerpt from WIRED magazine, and the Equity Agreement were all fakes. The testimony at the hearing confirmed Plaintiff acted with intent to defraud. Dkt. No. 134 at 6. The Court also concluded that Plaintiff was likely to engage in future misconduct. *Id.* at 8–10.

With a single exception, Plaintiff has not identified any evidence that the Court failed to consider. The single exception confirms the Court's conclusions. Plaintiff cites to a declaration at Dkt. No. 44 as confirming his claim and demonstrating that the Court committed manifest error. Dkt. No. 138 at 11. In fact, the declaration, which is from the head of the Trademark Group and a Senior Vice President of Business and Legal Affairs for the Universal Music Group family of companies, states that Universal's records do not reflect any internship Plaintiff had with Universal Records or the Equity Agreement he claims was signed by Mr. Morris. Dkt. No. 44 ¶ 9. He never held the position of intern that he claims, and the only conclusion the Court can draw is that the Equity Agreement is a fake.

Plaintiff has identified neither an intervening change of controlling law nor legal error. Contrary to Plaintiff's claim, Dkt. No. 136 at 7, the Court's finding of fraud in the January 5 Order is entirely consistent with the Court's earlier Opinion and Order of September 23, 2025.

In September, the Court found that "[t]he evidence presented, especially when taken as a whole, amply justifies an independent investigation into whether fraud has been committed upon the Court." Dkt. No. 115 at 21. The Court denied Defendants' motion to dismiss without prejudice to provide Plaintiff an opportunity to answer the allegations against him at an evidentiary hearing. *Id.* at 22. The Court did not, as Plaintiff suggests, Dkt. No. 136 at 7; Dkt. No. 143, deny the motion because Defendants submitted insufficient evidence, Dkt. No. 115 at 22. Following the evidentiary hearing, the Court found clear and convincing evidence that Plaintiff committed fraud upon the Court. Dkt. No. 134. Plaintiff has identified no error in that holding.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 137, 138, and 140.

SO ORDERED.

Dated: January 29, 2026
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

4